UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY GEARHART, Individually and as Administratrix of the ESTATE OF EDGAR A. GEARHART, Deceased, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-cv-01334 |
| v. | (SAPORITO, M.J.) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

## MEMORANDUM

Now before the court is a motion by defendant Osmel Martinez to stay these civil proceedings pending disposition of criminal charges against him. (Doc. 21.) The plaintiff asserts various federal civil rights and state-law tort claims against Martinez arising out of the decedent's murder. In essence, the plaintiff alleges that Martinez, a correctional officer, was complicit in a vicious assault on the decedent, Edgar Gearhart, an inmate under Martinez's supervision, committed by another inmate, defendant Nafese Pierce, who was also under Martinez's supervision at the time.

Martinez and Pierce are both currently facing criminal charges in

state court. Pierce is charged with criminal homicide, and Martinez is charged with involuntary manslaughter. Both are currently awaiting trial.

Martinez has moved for a stay. Although Pierce has not yet entered an appearance in this case—indeed, the clerk has entered default against him for failure to plead—this court has "the inherent power to *sua sponte* stay discovery pending the resolution of a parallel criminal proceeding." *Plaintiffs # 1–21 v. Cnty. of Suffolk*, 138 F. Supp. 3d 264, 279 (E.D.N.Y. 2015). The decision to stay a case rests within the sound discretion of the district court. *Barker v. Kane*, 149 F. Supp. 3d 521, 525 (M.D. Pa. 2016). When deciding whether to stay a civil case pending resolution of a related criminal proceeding, we consider the following factors:

> (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest.

*Id.* at 525–26. A limited stay of discovery is within our discretion. *See, e.g.*, *Piazza v. Young*, 403 F. Supp. 3d 421, 446 (M.D. Pa. 2019) (imposing limited stay of *some* discovery and proceedings with respect to certain—

but not all—defendants).

In her opposition brief, the plaintiff has conceded the first factor—the overlap of issues between the civil and criminal cases. But she contends that the second factor is neutral and that the remaining four factors militate against a stay. We disagree. Both criminal proceedings remain in the pretrial phase, and any attempt to obtain oral or written discovery from these parties will more likely than not implicate their Fifth Amendment rights against self-incrimination—particularly so in the case of inmate Pierce, who would most likely be unrepresented if deposed or served with written discovery. *See, e.g., United States v. Kordel*, 397 U.S. 1, 7 (1970) (criminal defendant forfeited his right to assert Fifth Amendment privilege regarding answers given to interrogatories in a prior civil proceeding); *United States v. Bell*, 217 F.R.D, 335, 339–40 (M.D. Pa. 2003) (recognizing that, while the content of voluntarily created documents are generally not protected by the Fifth Amendment, in some circumstances it may protect against the compelled act of producing them in discovery). By contrast, we find no "particularly unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay," to suggest that a stay will prejudice the

plaintiff, particularly as we intend to permit the action to proceed with respect to the other defendants. *See Barker*, 149 F. Supp. 3d at 528. Meanwhile, we find that the coextensive interests of the court and the public in the efficient resolution of litigation militate in favor of a stay, and the public's interest in deterring abuses of civil rights through civil litigation will not be substantially impaired by a *partial* stay. *See id.* at 529.

Under the circumstances of this case, having considered each of the several *Barker* factors, we find a partial stay of litigation in this case—limited to the two defendants facing related state-court criminal charges—is appropriate and fair to both sides. All proceedings, including discovery, involving defendants Osmel Martinez and Nafese Pierce shall be stayed pending disposition of the respective state-court criminal proceedings against them. For the duration of this partial stay, these two defendants shall be relieved from any obligation to respond to any subpoena, notice of deposition, written discovery request, or motion papers served by another party in this case, with the exception of any motion papers concerning the modification or lifting of this stay. The other pending motions concerning these defendants—a motion to dismiss

- 5 -

filed by Martinez and a motion for default judgment filed against Pierce—will be administratively terminated with leave for the movants to re-file or request reinstatement of the motions when the stay is lifted. The plaintiff will be directed to provide written notice of the status of these defendants' criminal proceedings every six months until the stay is lifted.

    An appropriate order follows.

Dated: May 19, 2023
                *s/Joseph F. Saporito, Jr.*
                JOSEPH F. SAPORITO, JR.
                United States Magistrate Judge