UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY GEARHART, Individually and as Administratrix of the ESTATE OF EDGAR A. GEARHART, Deceased, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-cv-01334 |
| v. | (SAPORITO, M.J.) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

## MEMORANDUM

On January 28, 2021, the incarcerated decedent, Edgar A. Gearhart, was brutally murdered in his cell by another inmate, and one or more correctional officers was allegedly complicit in that murder. Appearing through counsel, his mother, who is also the administrator of his estate, has brought this federal civil rights action against various defendants, including a nurse, Dorothy Ann Hobbs, L.P.N., and her employer, Maxim Healthcare Services, Inc. ("Maxim"), a company contracted to provide medical services to inmates at the state prison where Gearhart was incarcerated.

At about 8:00 p.m., about thirty minutes after Gearhart had been

stabbed by another inmate, Hobbs was making routine medication rounds before lockdown. Gearhart was slated to receive his regular nighttime doses of two psychiatric medications to treat diagnosed mental health conditions of depressive disorder and attention deficit hyperactivity disorder, combined presentation.

As she made her rounds, Hobbs was escorted by a correctional officer who was allegedly complicit in the inmate-on-inmate assault that had just occurred, Osmel Martinez. The door to Gearhart's cell was locked and a curtain had been closed, so she could not see him bleeding out and dying in his cell. As she approached, Hobbs called out Gearhart's name to summon him to the door to receive his medication.

At this time, in addition to Martinez escorting her, the inmate who allegedly attacked Gearhart, Nafese Perez, was also standing nearby. When Hobbs called Gearhart's name, Perez responded, stating that Gearhart would not be taking his medications that evening because he was in the bathroom. Unquestioningly, Hobbs marked Gearhart down as noncompliant for refusing his medications and moved on, completing her medication rounds without personally observing or speaking to Gearhart.

Based on the foregoing factual allegations, the plaintiff has

asserted several § 1983 federal civil rights and state-law tort claims against Hobbs and Maxim. In Count VI of the fourteen-count complaint, the plaintiff asserts a § 1983 Eighth Amendment claim for deliberate indifference to serious medical needs against Hobbs. In Counts II, III, and IX, the plaintiff asserts § 1983 Eighth Amendment claims for failure to protect, bystander liability, and failure to intervene against Hobbs. In Counts VII and VIII, the plaintiff asserts § 1983 Fourteenth Amendment substantive due process claims under state-created danger and special relationship theories of liability against Hobbs. In Counts XII, XIII, and XIV, the plaintiff asserts state-law medical negligence, wrongful death, and survival claims against both Hobbs and Maxim.[1]

Hobbs and Maxim have moved to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 17.) That motion is fully briefed and ripe for decision.

### A. § 1983 Deliberate Indifference to Serious Medical Needs

In Count VI, the plaintiff claims that, in failing to do more to attempt to administer Gearhart's medication to him, Hobbs was

---

[1] The remaining counts are asserted against other defendants only.

deliberately indifferent to Gearhart's serious medical needs, in violation of his Eighth Amendment rights. She reasons that, if Hobbs had attempted to personally confirm Gearhart's refusal to take his medication or to counsel him for doing so, instead of accepting Perez's statement at face value, she would have discovered Gearhart's dire condition and provided him with medical treatment.

To state a § 1983 deliberate indifference claim, "a plaintiff must make (1) a subjective showing that the defendants were deliberately indifferent to his or her medical needs and (2) an objective showing that those needs were serious." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (cleaned up). While it is beyond cavil that the injuries suffered by Gearhart constitute a serious medical need, the complaint does not allege that Hobbs had any actual, subjective awareness of his dire condition. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) ("The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware.").

That leaves a single missed dose of his psychiatric medications. But

it is clear from the facts alleged in the complaint that missing this single dose of medications did not cause the substantial harm that befell Gearhart—a violent attack by another inmate did. *See Moreland v. Roscko*, 254 Fed. App'x 361, 361 (5th Cir. 2007) (per curiam); *Warman v. Funk*, 119 Fed. App'x 789, 791 (7th Cir. 2004) ("[F]ailure to administer prescription medicine alone does not demonstrate deliberate indifference.").

Accordingly, based on the facts alleged in the complaint, viewed in the light most favorable to the non-moving plaintiff, we find that the plaintiff has failed to state a plausible § 1983 Eighth Amendment claim for deliberate indifference to serious medical needs against Hobbs.

### B. § 1983 Failure to Protect or Intervene Claims

In Counts II, III, and IX, the plaintiff asserts § 1983 Eighth Amendment claims for failure to protect, bystander liability, and failure to intervene against Hobbs.

We first note that "bystander liability" and "failure to intervene" are different labels for the same legal theory of liability. *See Randall v. Prince George's Cnty.*, 302 F.3d 188, 203–04 (4th Cir. 2002); *Rew v. Vincent*, 489 F. Supp. 3d 563, 579–80 (S.D. Miss. 2020); *Wooten v. Roach*,

431 F. Supp. 3d 875, 890 (E.D. Tex. 2019); *Fanelli v. Borough*, 2016 WL 7239886, at *6 n.3 (E.D. Pa. Dec. 15, 2016); *Goldwire v. City of Philadelphia*, 130 F. Supp. 3d 936, 942 (E.D. Pa. 2015).

"To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). But Hobbs was not a prison official; she was a nurse employed by an outside company to provide medical services to inmates. As such, she did not have a generalized duty to protect inmates from harm. *See Polk v. Nurse Margie*, Civil Action No. 4:21cv998, 2023 WL 6155331, at *8 (E.D. Tex. Aug. 2, 2023); *Alexander v. S. Health Partners, Inc.*, Civil Action No. 3:22-cv-0395-x, 2023 WL 3961704, at *2–*3 (N.D. Tex. June 12, 2023).

Similarly, the Third Circuit has held that "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." *Smith*

v. *Mensinger*, 293 F.3d 641, 650–52 (3d Cir. 2002); *see also Ricks v. Shover*, 891 F.3d 468, 479 (3d Cir. 2018) ("An officer's failure to stop an ongoing constitutional violation violates the Eighth Amendment when he had a reasonable opportunity to intervene and simply refused to do so.") (internal quotation marks omitted). But once again, Hobbs was not a correctional officer; she was a nurse employed by an outside company to provide medical services to inmates. As such, she had no duty to intervene to protect the constitutional rights of an inmate from infringement by others. *See Valverde v. Folks*, No. 1:19-cv-08080-MKV, 2022 WL 836310, at *8 (S.D.N.Y. Mar. 21, 2022).

Accordingly, based on the facts alleged in the complaint, viewed in the light most favorable to the non-moving plaintiff, we find that the plaintiff has failed to state a plausible § 1983 Eighth Amendment claim for failure to protect, failure to intervene, or bystander liability against Hobbs.

### C. § 1983 Substantive Due Process Claims

In Counts VII and VIII, based on the same facts alleged in support of her Eighth Amendment claims, the plaintiff has asserted § 1983 Fourteenth Amendment substantive due process claims against Hobbs

under state-created danger and special relationship theories of liability. But in the prison context, where conditions-of-confinement claims are governed by Eighth Amendment standards, Fourteenth Amendment substantive due process claims concerning conditions of confinement are barred by the more-specific-provision rule. *See Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 447–48 (3d Cir. 2020); *Beenick v. LeFebvre*, 684 Fed. App'x 200, 205 (3d Cir. 2017).

Accordingly, as a matter of law, we find that the plaintiff has failed to state § 1983 Fourteenth Amendment substantive due process claims against Hobbs under either state-created danger or a special relationship theories of liability.

### D. State-Law Tort Claims

In Counts XII, XIII, and XIV, the plaintiff asserts state-law medical negligence, wrongful death, and survival claims against Hobbs and, under a *respondeat superior* theory of liability, her employer, Maxim.

"Under Pennsylvania law, to state a *prima facie* cause of action for a medical malpractice claim, a plaintiff must establish [(1)] a duty owed by the [medical provider] to the patient, [(2)] a breach of that duty by the [medical provider], [(3)] that the breach was the proximate cause of the

harm suffered and [(4)] the damages suffered were a direct result of the harm." *Hightower-Warren v. Silk*, 698 A.2d 52, 54 (Pa. 1997). The breach alleged in this case is the failure by Hobbs to administer his prescribed medication on the evening of his death. But even if Hobbs's conduct failed to meet the applicable standard of care under Pennsylvania law, this breach simply cannot be said to be the proximate or factual cause of the harm suffered by Gearhart. At most, the failure to administer his medications was incidental to Gearhart's death.

In the absence of a viable underlying medical negligence claim, the plaintiff's wrongful death and survival claims necessarily fail as well. As this court has previously explained,

> The Wrongful Death and Survival Act did not create a new theory of liability but merely allowed a tort claim of the decedent to be prosecuted. As a result, a plaintiff must state all the elements of a valid tort in order to maintain a claim under those statutes and such theory is subject to defenses.

*Becker v. Carbon Cnty.*, 177 F. Supp. 3d 841, 847 (M.D. Pa. 2016).

Accordingly, based on the facts alleged in the complaint, viewed in the light most favorable to the non-moving plaintiff, we find that the plaintiff has failed to state plausible state-law medical negligence, wrongful death, or survival claims against Hobbs.

### E. Leave to Amend

The Third Circuit has instructed that, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Based on the facts alleged in the complaint, the plaintiff's claims against Hobbs and Maxim will be dismissed *without* leave to amend, as it is clear that any amendment would be futile.

### F. Conclusion

For the foregoing reasons, the motion to dismiss filed by defendants Hobbs and Maxim (Doc. 17) will be granted, and all claims against these two defendants will be dismissed for failure to state a claim upon which relief can be granted, without leave to amend.

An appropriate order follows.

Dated: September 25, 2023      *s/Joseph F. Saporito, Jr.*
                               JOSEPH F. SAPORITO, JR.
                               United States Magistrate Judge