# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

AMY GEARHART, Individually and
as Administratrix of the ESTATE
OF EDGAR A. GEARHART,
Deceased,

           Plaintiff,

           v.

PENNSYLVANIA DEPARTMENT
OF CORRECTIONS, et al.,

           Defendants.

CIVIL ACTION NO. 3:22-cv-01334

(SAPORITO, M.J.)

## MEMORANDUM

On January 28, 2021, the incarcerated decedent, Edgar A.
Gearhart, was brutally murdered in his cell by another inmate, and one
or more correctional officers was allegedly complicit in that murder.
Appearing through counsel, his mother, who is also the administrator of
his estate, has brought this federal civil rights action against various
defendants, including the DOC Defendants.[1]

---

[1] The DOC Defendants are: (1) the Pennsylvania Department of
Corrections; (2) Kevin Ransom, superintendent of SCI Dallas; (3) Adam
Bralczyk, a corrections officer at SCI Dallas; (4) Captain Virgil Meyer, a
supervising correctional officer at SCI Dallas; and (5) Sergeant Gordon,
a supervising correctional officer at SCI Dallas. Another correctional

*(continued on next page)*

In the complaint, the plaintiff has asserted several § 1983 federal civil rights and state-law tort claims against the DOC Defendants. In Count I of the fourteen-count complaint, the plaintiff asserts a disability discrimination claim against the DOC only under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.* In Counts II, III, and IX, the plaintiff asserts § 1983 Eighth Amendment claims for failure to protect, bystander liability, and failure to intervene against Bralczyk. In Count IV, the plaintiff asserts a §1983 civil rights conspiracy claim against Bralczyk. In Count VI, the plaintiff asserts a § 1983 Eighth Amendment claim for deliberate indifference to serious medical needs against Bralczyk. In Count V, the plaintiff asserts § 1983 supervisory claims against Bralzcyk, Ransom, Meyer, and Gordon. In Counts VII and VIII, the plaintiff asserts § 1983 Fourteenth Amendment substantive due process claims under state-created danger and special relationship theories of liability against Bralczyk, Meyer, and Gordon. In Counts X and XI, the plaintiff asserts state-law assault and battery claims against Bralczyk only. In Counts XIII and XIV, the plaintiff asserts

officer, Osmel Martinez, is named as a defendant, but he is separately represented by different counsel.

state-law wrongful death and survival claims against all defendants.[2]

Now before the court is a motion by the DOC Defendants for dismissal of the complaint as against them. (Doc. 32.) The motion is ripe and fully briefed.

## A. ADA Public Services Disability Discrimination

The plaintiff has asserted an ADA Title II claim of disability discrimination against the DOC.

Title II of the ADA makes it unlawful for public entities, including prisons, to discriminate against the disabled in the provision of services, programs, and activities. *See Disability Rights N.J., Inc. v. Comm'r, N.J. Dep't of Human Servs.*, 796 F.3d 293, 301 (3d Cir. 2015). To state a claim under Title II of the ADA, a plaintiff must allege facts to plausibly establish: "(1) he is a qualified individual; (2) with a disability; (3) he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." *Bowers v. Nat'l Coll. Athletic Ass'n*, 475 F.3d 524, 553 n.32 (3d Cir. 2007).

The plaintiff has alleged that Gearhart was being treated for

---

[2] The remaining counts are asserted against other defendants only.

depressive disorder and attention-deficit/hyperactivity disorder, combined presentation. But the complaint has alleged no facts whatsoever to suggest that Gearhart was excluded from participating in or denied the benefits of any services, programs, or activities of the prison *by reason of his disability*. There is simply nothing at all in the complaint to suggest that any of the allegedly wrongful conduct occurred because of Gearhart's mental impairments.

Accordingly, based on the facts alleged in the complaint, viewed in the light most favorable to the non-moving plaintiff, we find that the plaintiff has failed to state a plausible ADA disability discrimination claim against the DOC.

### B. § 1983 Failure to Protect or Intervene Claims

In Counts II, III, and IX, the plaintiff asserts § 1983 Eighth Amendment claims for failure to protect, bystander liability, and failure to intervene against Bralczyk.

We first note that "bystander liability" and "failure to intervene" are different labels for the same legal theory of liability. *See Randall v. Prince George's Cnty.*, 302 F.3d 188, 203–04 (4th Cir. 2002); *Rew v. Vincent*, 489 F. Supp. 3d 563, 579–80 (S.D. Miss. 2020); *Wooten v. Roach*,

431 F. Supp. 3d 875, 890 (E.D. Tex. 2019); *Fanelli v. Borough*, 2016 WL 7239886, at *6 n.3 (E.D. Pa. Dec. 15, 2016); *Goldwire v. City of Philadelphia*, 130 F. Supp. 3d 936, 942 (E.D. Pa. 2015). Thus, we will dismiss Count IX of the complaint on the ground that it is duplicative of Count III.

"To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). Similarly, the Third Circuit has held that "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." *Smith v. Mensinger*, 293 F.3d 641, 650–52 (3d Cir. 2002); *see also Ricks v. Shover*, 891 F.3d 468, 479 (3d Cir. 2018) ("An officer's failure to stop an ongoing constitutional violation violates the Eighth Amendment when he had a reasonable opportunity to intervene and simply refused to do so.")

(internal quotation marks omitted).

Based on the facts alleged in the complaint, viewed in the light most favorable to the non-moving plaintiff, we find that the plaintiff has stated plausible § 1983 failure to protect and failure to intervene claims against Bralczyk. Thus, Counts II and III will be permitted to proceed to discovery.

### C. § 1983 Civil Rights Conspiracy

In Count IV, the plaintiff asserts a §1983 civil rights conspiracy claim against Bralczyk, alleging in conclusory fashion that he entered into an agreement with a co-defendant correctional officer, Osmel Martinez, and a co-defendant inmate, Nafese Perez, to violate Gearhart's constitutional rights.

A § 1983 claim for conspiracy to violate federally-protected rights, must be pleaded with particularity. *See Damiano v. Scranton Sch. Dist.*, 135 F. Supp. 3d 255, 281–82 (M.D. Pa. 2015). A plaintiff must plead an actual agreement between the parties. *Watson v. Sec'y Pa. Dep't of Corr.*, 436 Fed. App'x 131, 137 (3d Cir. 2011) (per curiam). "Mere conclusory allegations that a conspiracy existed will not survive a motion to dismiss." *Rogers v. Mount Union Borough ex rel. Zook*, 816 F. Supp. 308,

314 (M.D. Pa. 1993). "As 'the linchpin for conspiracy is agreement,' concerted action, without more, cannot suffice to state a conspiracy claim." *Watson*, 436 Fed. App'x at 137. "[O]nly allegations which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient." *Grigsby v. Kane*, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003). Here, the complaint simply alleges no facts from which any type of conspiratorial agreement can be inferred.

Accordingly, based on the facts alleged in the complaint, viewed in the light most favorable to the non-moving plaintiff, we find that the plaintiff has failed to state a plausible § 1983 civil rights conspiracy claim against Bralczyk.

### D. § 1983 Deliberate Indifference to Serious Medical Needs

In Count VI, the plaintiff asserts a § 1983 Eighth Amendment claim for deliberate indifference to serious medical needs against Bralczyk. The DOC Defendants have not challenged this claim in their motion papers.

### E. § 1983 Supervisory Liability

#### 1. *Superintendent Ransom, Captain Meyer, Sergeant Gordon*

In Count V, the plaintiff seeks to hold Superintendent Ransom, Captain Meyer, and Sergeant Gordon liable for promulgating or

maintaining departmental policies, practices, or customs that allegedly caused other prison officials to violate his constitutional rights.

Personal involvement by a supervising defendant may be found where he or she caused a subordinate to violate another's constitutional rights through the execution of an official policy or settled informal custom. *See Sample v. Diecks*, 885 F.2d 1099, 1117–18 (3d Cir. 1989).

> [T]o hold a supervisor liable because his policies or practices led to [a constitutional] violation, the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of that [constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury results from the policy or practice.

*Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001) (citing *Sample*, 885 F.2d at 1118).

Here, the amended complaint merely alleges, in conclusory fashion, these defendants promulgated and maintained unspecified policies, practices, or customs that enabled Perez to encounter Gearhart, facilitated and encouraged violent conduct by Perez, and allowed Martinez and Bralczcyk to ignore the inmate-on-inmate violence and delay medical treatment to a gravely injured Gearhart. The complaint

fails to allege any facts whatsoever to support these conclusions, and it fails to allege any facts to establish that any of these three supervisory defendants was aware of any unreasonable risk that their subordinates might violate the constitutional rights of an inmate in circumstances similar to those of the decedent, that they were indifferent to such a risk, or that any injury actually resulted from such conduct. *See Doneker v. Cnty. of Bucks*, Civil Action No. 13-1534, 2014 WL 2586968, at \*7–\*11 (E.D. Pa. June 10, 2014).

Accordingly, based on the facts alleged in the complaint, viewed in the light most favorable to the non-moving plaintiff, we find that the plaintiff has failed to state plausible § 1983 supervisory liability claims against Ransom, Meyer, or Gordon.

### 2. CO Bralzyck

Count V of the complaint has also asserted a § 1983 supervisory claim against Bralczyk. In their brief in support, the DOC Defendants have argued that the plaintiff has failed to state a § 1983 supervisory liability claim against Bralczyk because Bralczyk is not a supervisor. (Doc. 40, at 26–27.) But in her brief in opposition to the DOC Defendants' motion to dismiss, the plaintiff has explicitly abandoned this claim. (*See*

Doc. 46, at 27 n.2.) The filing of a brief in opposition to a motion to dismiss that fails to respond to a substantive argument to dismiss a particular claim results in the waiver or abandonment of that claim. *See Dreibelbis v. Scholton*, 274 Fed. App'x 183, 185 (3d Cir. 2008) (affirming district court's finding of waiver as to an argument where plaintiff had opportunity to address it in his opposition brief but failed to do so); *Levy-Tatum v. Navient Solutions, Inc.*, 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (collecting cases); *D'Angio v. Borough of Nescopeck*, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999) (finding claims waived where plaintiff failed to address defendant's argument in his brief in opposition to a motion to dismiss); *see also LM Gen. Ins. Co. v. LeBrun*, 470 F. Supp. 3d 440, 460 (E.D. Pa. 2020); *Celestial Cmty. Dev. Corp. v. City of Philadelphia*, 901 F. Supp. 2d 566, 578 (E.D. Pa. 2012).

Accordingly, as a matter of law, we find that the plaintiff has failed to state plausible § 1983 supervisory liability claims against Bralczyk.

### F. § 1983 Substantive Due Process Claims

In Counts VII and VIII, based on the same facts alleged in support of her Eighth Amendment claims, the plaintiff has asserted § 1983 Fourteenth Amendment substantive due process claims against

Bralczyk, Meyer, and Gordon under state-created danger and special relationship theories of liability. But in the prison context, where conditions-of-confinement claims are governed by Eighth Amendment standards, Fourteenth Amendment substantive due process claims concerning conditions of confinement are barred by the more-specific-provision rule. *See Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 447–48 (3d Cir. 2020); *Beenick v. LeFebvre*, 684 Fed. App'x 200, 205 (3d Cir. 2017).

Accordingly, as a matter of law, we find that the plaintiff has failed to state § 1983 Fourteenth Amendment substantive due process claims against Bralczyk, Meyer, or Gordon under either state-created danger or a special relationship theories of liability.

## G. State-Law Assault and Battery Claims

In Count X and XI, respectively, the plaintiff asserts state-law tort claims for assault and battery against Bralczyk. The DOC Defendants seek to dismiss these claims, arguing that (a) Bralczyk did not participate directly in the assault and battery that occurred in this case, and (b) the complaint fails to plead a plausible civil conspiracy or concert of action claim. Although we agree with the DOC Defendants that the complaint fails to state a plausible claim of civil conspiracy to commit assault and

battery with respect to Bralczyk, we find the facts alleged in the complaint sufficient to state a plausible claim that Bralczyk provided "substantial assistance or encouragement" to Martinez and Perez in the commission of the assault and battery. *See Stanco v. Sekelsky*, Civil Action No. 3:22-cv-00573, 2023 WL 2577240, at *8 (M.D. Pa. Mar. 20, 2023).

Based on the facts alleged in the complaint, viewed in the light most favorable to the non-moving plaintiff, we find that the plaintiff has stated plausible state-law aiding-and-abetting assault and battery claims against Bralczyk. Thus, Counts X and XI will be permitted to proceed to discovery.

### H. Wrongful Death and Survival Claim

In Counts XIII and XIV, the complaint asserts state-law wrongful death and survival claims against all defendants.

As this court has previously explained,

> [The] Pennsylvania Wrongful Death and Survival Act, 42 Pa. C.S. §§ 8301, 8302, was enacted to allow the survival of viable causes of action for bodily injury to a deceased, beyond the life of the victim. The Wrongful Death and Survival Act did not create a new theory of liability but merely allowed a tort claim of the decedent to be prosecuted. As a result, a plaintiff must state all the elements of a valid tort in order to maintain a claim

under those statutes and such theory is subject to defenses.

*Becker v. Carbon Cnty.*, 177 F. Supp. 3d 841, 847 (M.D. Pa. 2016).

The plaintiff has stated plausible aiding-and-abetting assault and battery claims against Bralczyk. Based on that, we find that she has stated plausible wrongful death and survival claims against Bralczyk as well.

The plaintiff has not asserted state-law claims against any of the other DOC Defendants, and we have found that she has failed to state plausible ADA or § 1983 claims against them. In the absence of any underlying bodily injury claims against the other DOC Defendants, we find that the plaintiff has failed to state plausible state-law wrongful death or survival claims against the Pennsylvania Department of Corrections, Superintendent Ransom, Captain Meyer, or Sergeant Gordon.

## I.  Leave to Amend

The Third Circuit has instructed that, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108

(3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Based on the facts alleged in the complaint, the claims dismissed by the accompanying order against will be dismissed *without* leave to amend, as it is clear that any amendment would be futile.

## J. Conclusion

For the foregoing reasons, the motion to dismiss filed by the DOC Defendants (Doc. 32) will be granted in part and denied in part. The plaintiff's § 1983 failure to protect, § 1983 failure to intervene, § 1983 deliberate indifference to serious medical needs, state-law assault, state-law battery, state-law wrongful death, and state-law survival claims against defendant Bralczyk shall be permitted to proceed. All other claims against the DOC Defendants will be dismissed for failure to state a claim upon which relief can be granted, without leave to amend.

An appropriate order follows.

Dated: September 25, 2023          *s/Joseph F. Saporito, Jr.*
                                   JOSEPH F. SAPORITO, JR.
                                   United States Magistrate Judge